

**Jason Adam Jensen**
919 North Stone Ave #5305
Tucson, AZ 85705
402.598.1285
jasonajensen@gmail.com
*Pro Se Plaintiff*

## IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jason Adam Jensen,<br><br>     Plaintiff,<br><br>v.<br><br>GOOGLE LLC;<br><br>MOTOROLA MOBILITY LLC;<br><br>THE OPEN HANDSET ALLIANCE;<br><br>SAMSUNG ELECTRONICS CO., LTD.;<br><br>ONEPLUS TECHNOLOGY (SHENZHEN) CO., LTD.,<br><br>     Defendants. | Case No.:  CV-25-00424-TUC-JGZ<br><br>**COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES** |

Plaintiff Jason Adam Jensen ("Plaintiff"), for his complaint against the Defendants, alleges as follows:

## I. INTRODUCTION

1. This is an action for injunctive relief and damages arising from Defendants' systematic removal of a critical accessibility feature—the ability to record voice call audio streams—from their mobile operating systems and devices. This action denies individuals with certain disabilities, including Plaintiff, the ability to use

their devices as essential assistive tools, in direct violation of the Americans with Disabilities Act (42 U.S.C. § 12101 et seq.) and the Telecommunications Act.

## II. JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331, as the claims asserted herein arise under the laws of the United States.

3. Venue is proper in the District of Arizona pursuant to 28 U.S.C. § 1391(b) because Plaintiff resides in this District, and a substantial part of the events or omissions giving rise to the claim occurred in this District.

## III. PARTIES

4. Plaintiff Jason Adam Jensen is a resident of Tucson, Arizona. Plaintiff is a qualified individual with a disability as defined by the Americans with Disabilities Act ("ADA").

5. Defendant Google LLC ("Google") is a Delaware limited liability company with its principal place of business in Mountain View, California. Google develops, maintains, and licenses the Android operating system.

6. Defendant Motorola Mobility LLC ("Motorola") is a Delaware limited liability company with its principal place of business in Chicago, Illinois. Motorola manufactures and sells Android-based mobile devices.

7. Defendant The Open Handset Alliance is a business alliance of technology and mobile companies, led by Google, that develops open standards for mobile devices, including the Android platform.

8. Defendant Samsung Electronics Co., Ltd. ("Samsung") is a South Korean multinational corporation that manufactures and sells Android-based mobile devices globally and within

this District.

9. Defendant OnePlus Technology (Shenzhen) Co., Ltd. ("OnePlus") is a Chinese consumer electronics manufacturer that manufactures and sells Android-based mobile devices globally and within this District.

## IV. FACTUAL ALLEGATIONS

10. Plaintiff has a disability that can result in extreme moments of stress and post-meltdown memory fog, which is exacerbated by prescribed antipsychotic medication.

11. To manage these symptoms and to function effectively, Plaintiff relies on the ability to record voice conversations on his mobile device. This recording functions as a critical assistive tool, allowing him to create a reliable record of conversations that he may not be able to recall accurately due to his disability.

12. Defendants, as the developers and manufacturers of the Android operating system and the devices that run it, have systematically designed and modified the software to make it impossible for third-party applications to natively record the audio stream of a voice call.

13. This functionality was previously available on older versions of the Android operating system but has been progressively restricted and removed by Defendants in newer versions.

14. This removal of functionality was a deliberate design choice by the Defendants.

15. Further, Defendant Google's own Pixel-branded devices currently utilize direct access to the voice audio stream for features such as "Hold for Me" and "Direct My Call," where an assistant monitors the call audio in real-time. This demonstrates that access to the voice stream is technically feasible and has been implemented by Defendants for features of their own choosing.

16. Defendants' decision to block this same access for third-party accessibility applications,

which would serve disabled users, is therefore not a matter of technical limitation but of discriminatory practice. This selective access demonstrates the potential for numerous other assistive uses for the disabled community that are being actively prevented by Defendants' policies.

17. This design choice creates a significant barrier for Plaintiff and other individuals with similar disabilities, denying them the ability to use their personal electronic devices as necessary assistive technology.

## V. FIRST CAUSE OF ACTION

(Violation of the Americans with Disabilities Act, 42 U.S.C. § 12101 et seq.)

18. Plaintiff realleges and incorporates by reference the allegations contained in the preceding paragraphs.

19. The mobile devices and associated operating systems designed, manufactured, and sold by Defendants constitute goods, services, facilities, privileges, advantages, or accommodations of places of public accommodation under Title III of the ADA.

20. By designing their products in a way that removes critical accessibility features, Defendants have failed to make reasonable modifications in policies, practices, or procedures necessary to afford their goods and services to individuals with disabilities.

21. Defendants' actions constitute discrimination against Plaintiff on the basis of his disability by affording him an unequal opportunity to use and benefit from their products and services.

## VI. SECOND CAUSE OF ACTION

(Violation of the Telecommunications Act, 47 U.S.C. § 255)

22. Plaintiff realleges and incorporates by reference the allegations contained in the

preceding paragraphs.

23. Section 255 of the Telecommunications Act requires that manufacturers of telecommunications equipment and providers of telecommunications services ensure that their equipment and services are designed, developed, and fabricated to be accessible to and usable by individuals with disabilities, if readily achievable.

24. The removal of the ability to record call audio streams renders Defendants' telecommunications equipment not readily accessible to or usable by Plaintiff and other individuals with similar disabilities.

25. Defendants' failure to provide this accessible feature is a violation of their obligations under the Telecommunications Act.

## VII. PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter a judgment in his favor and against Defendants, and grant the following relief:

A. A permanent injunction requiring Defendants to modify their operating systems and devices to make the recording of voice call audio streams readily achievable for assistive purposes;

B. An award of actual, compensatory, and statutory damages in an amount to be determined at trial;

C. An award of reasonable attorneys' fees and litigation costs; and

D. Such other and further relief as the Court deems just and proper.

DATED: July 28, 2025

Respectfully submitted,

/s/ Jason Adam Jensen

Jason Adam Jensen

*Pro Se Plaintiff*

**Certificate Regarding Use of Artificial Intelligence** I, Jason Adam Jensen, certify that Artificial Intelligence was used in the preparation of this document. I have reviewed and verified the accuracy and appropriateness of the AI-generated content and take full responsibility for it as if it were my own work, in accordance with FRCP 11 and all applicable Local Rules.

*User is solely responsible for filing this document. If a licensed attorney files this document without independent review, it constitutes a violation of the Open Artificial Intelligence Regulatory Documents Licensing Agreement and the attorney forfeits further access to this playground.*