Jason Adam Jensen
919 North Stone Ave #5305
Tucson, AZ 85705
402.598.1285
jasonajensen@gmail.com
*Pro Se Plaintiff*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA
# TUCSON

| | |
|---|---|
| **Jason Adam Jensen**, | Case No.: CV-25-00424-TUC-JGZ |
| *Plaintiff,* | **FIRST AMENDED COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES** |
| v. | (Jury Trial Demanded) |
| **GOOGLE LLC;** <br> **MOTOROLA MOBILITY LLC;** <br> **THE OPEN HANDSET ALLIANCE;** <br> **SAMSUNG ELECTRONICS CO., LTD.;** <br> **ONEPLUS TECHNOLOGY (SHENZHEN) CO., LTD.,** | |
| *Defendants.* | |

Plaintiff Jason Adam Jensen ("Plaintiff"), for his complaint against the Defendants, alleges as follows:

## I. INTRODUCTION

1. This is an action for injunctive relief and damages arising from Defendants' systematic removal of a critical accessibility feature—the ability to record voice call audio streams—from their mobile operating systems and devices. This action denies individuals with certain disabilities, including Plaintiff, the ability to use necessary assistive technology.

## II. JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331, as the claims asserted herein arise under the laws of the United States.

3. Venue is proper in the District of Arizona pursuant to 28 U.S.C. § 1391(b) because Plaintiff resides in this District, and a substantial part of the events or omissions giving rise to the claim occurred in this District.

## III. PARTIES

4. Plaintiff Jason Adam Jensen is a resident of Tucson, Arizona. Plaintiff is a qualified individual with a disability as defined by the Americans with Disabilities Act ("ADA").

5. Defendant Google LLC ("Google") is a Delaware limited liability company with its principal place of business in Mountain View, California. Google develops, maintains, and licenses the Android operating system.

6. Defendant Motorola Mobility LLC ("Motorola") is a Delaware limited liability company with its principal place of business in Chicago, Illinois. Motorola manufactures and sells Android-based mobile devices.

7. Defendant The Open Handset Alliance is a business alliance of technology and mobile

companies, led by Google, that develops open standards for mobile devices, including the Android platform.

8. Defendant Samsung Electronics Co., Ltd. ("Samsung") is a South Korean multinational corporation that manufactures and sells Android-based mobile devices globally and within this District.

9. Defendant OnePlus Technology (Shenzhen) Co., Ltd. ("OnePlus") is a manufacturer of mobile devices that utilizes the Android operating system and conducts business within this District.

## IV. FACTUAL ALLEGATIONS

10. Plaintiff is a qualified individual with a disability. While formally diagnosed with Bipolar Disorder, Plaintiff contends this is a misdiagnosis resulting from state "evaluation and treatment" statutes that allow practitioners to assign diagnoses without possessing the specialized expertise required to identify conditions such as Autism Spectrum Disorder. Plaintiff asserts that unlike Bipolar Disorder, which is often diagnosed summarily, Autism requires a detailed, specialized psychiatric evaluation process that state systems have failed to provide. Regardless of the disputed nomenclature, Plaintiff suffers from severe functional impairments, including extreme moments of stress and post-meltdown memory fog, which are further exacerbated by the side effects of prescribed antipsychotic medication.

11. To manage these symptoms and to function effectively, Plaintiff relies on the ability to record voice conversations on his mobile device. This recording functions as a critical assistive tool, allowing him to create a reliable record of conversations that he may not be able to recall accurately due to his disability.

**A. The Central Role of the Google Play Store and Accessibility APIs**

12. All Defendants in this action utilize the **Google Play Store** as the primary, if not exclusive, mechanism for application distribution and functionality on their devices. Through this ecosystem, Defendant Google LLC dictates the technical standards and permissible functionalities for all Android devices manufactured by Defendants Samsung, Motorola, and OnePlus.

13. Historically, third-party developers utilized Android's **"Accessibility APIs"** to provide call recording functionality. An "API" (Application Programming Interface) is a set of protocols that allows different software components to communicate. The "Accessibility API" is specifically designed to allow services to assist users with disabilities by interacting with and modifying the user interface and system events. For years, this was the standard mechanism by which assistive recording apps functioned.

**B. Google's Contractual Prohibition of Assistive Recording (2022)**

14. On May 11, 2022, Defendant Google LLC implemented a seminal policy update to the Google Play Store Developer Program Policies. This update specifically, contractually, and by licensing, forbidden the use of the Accessibility API for remote call audio recording.

15. By modifying the "IsAccessibilityTool" flag requirements, Google effectively classified third-party call recording apps—which Plaintiff relied upon—as policy violations. This effectively blocked these apps from functioning on any device running Google Play Services, regardless of the manufacturer. Defendants Samsung, Motorola, and OnePlus, by adhering to Google's CDD (Compatibility Definition Document) and licensing agreements, enforced this prohibition on their hardware.

16. Defendant Google publicly justified this restriction as necessary "to ensure the safety

and privacy of users." However, this rationale ignored the critical safety needs of disabled users who require recording for memory retention and cognitive support.

**C. Timeline of Restrictions and Discriminatory Reversal**

17. The systematic removal and subsequent selective re-introduction of this feature demonstrates that the restriction was a business and policy choice, not a technical impossibility:

    - **May 11, 2022:** Google Play Store policy update blocks third-party apps from using Accessibility APIs for call recording.
    - **September 30, 2022:** Reports confirm that native call recording is also disabled by Google in specific regions (e.g., Israel), even where legal, due to Google's refusal to enable the feature server-side.
    - **August 21, 2024:** *Android Authority* reports that while the Google Phone app technically supports recording, Google actively disabled it on Pixel phones in key regions like the U.S., despite the technology being present in the app code.

18. **The 2025 Reversal:** After years of denying this accommodation to third parties, Defendant Google began enabling the feature for itself:

    - **September 29, 2025:** *9to5Google* reports Google announcing the expansion of native Call Recording to additional countries (Australia, Canada, UK, India).
    - **October 29, 2025:** Users in India report server-side activation of the recording button in the Google Phone app.
    - **November 14, 2025:** *Android Central* and *The Times of India* report that Google officially rolled out native call recording on Pixel 6 and newer devices globally in supported regions.

19. This timeline confirms that Defendants possessed the technical capability to provide this

accommodation at all times. Defendants chose to contractually forbid the use of Accessibility APIs for third-party assistive tools (May 2022) while eventually reserving the right to provide that same functionality through their own proprietary "Phone by Google" app (Nov 2025), all while leaving Plaintiff and other disabled users without a reliable, universal assistive solution during the interim years and on non-Pixel devices where the rollout is inconsistent.

**D. Imminent Blockade of Alternative App Sources (Sideloading)**

20. In **August 2025**, Defendant Google announced a planned policy change to block the "sideloading" (installation from sources other than the Play Store) of apps from unverified developers on Android devices, effective in 2026. This announcement, confirmed by *Ars Technica* on August 25, 2025, marks a fundamental shift away from Android's historical "open" architecture.

21. Historically, "sideloading" served as the only remaining workaround for disabled users to install assistive recording tools that Google had banned from the Play Store. By blocking unverified sideloading, Defendant Google is actively closing the last available door for Plaintiff to access necessary assistive technology.

22. In **late 2025**, reports from *The Verge* and the *Android Developers Blog* confirmed that Google's identity verification requirements would extend to all Android apps, making anonymous sideloading infeasible. This policy targets the very independent developers and alternative repositories (such as F-Droid) that host the accessibility tools Plaintiff relies upon.

23. Although Defendant Google acknowledged community backlash in **November 2025** by proposing an "advanced flow" for experienced users (*Android Authority*, Nov 12, 2025; *Phandroid*, Nov 13, 2025), the default state of the operating system will effectively block

or severely discourage these installations with security warnings. This "advanced flow" creates an undue burden and technical barrier for disabled users simply seeking to restore functionality that the device hardware is capable of providing.

24. By implementing these restrictions, Defendant Google—and by extension the manufacturing Defendants who enforce these software policies—are ensuring that no alternative avenue exists for Plaintiff to obtain call recording functionality, thereby cementing the discriminatory effect of their Play Store bans.

## V. CAUSES OF ACTION

### COUNT I

Violation of the Americans with Disabilities Act

(Against Defendant Google LLC)

25. Plaintiff realleges and incorporates by reference the allegations contained in Paragraphs 1 through 24.

26. **Place of Public Accommodation:** Defendant Google LLC owns and operates the Google Play Store and Android ecosystem. These platforms constitute "service establishments" and "places of public display" under 42 U.S.C. § 12181(7)(F) and (G), as they are publicly accessible digital facilities where goods and services are exhibited, sold, and maintained for the general public.

27. **Discriminatory Policy:** Defendant maintains a specific policy—the "Developer Program Policy" on Accessibility APIs—that screens out individuals with disabilities by prohibiting the use of necessary assistive recording tools. This policy denies Plaintiff the full and equal enjoyment of the services offered by the Android ecosystem.

28. **Failure to Make Reasonable Modifications:** Plaintiff requires a modification of this

policy to allow assistive recording apps to function. This modification is "reasonable" because: (a) it requires only a change in software permission logic; (b) it imposes negligible cost; and (c) it does not fundamentally alter the nature of the service, as evidenced by Google enabling the exact same functionality for its own apps. Defendant's refusal to make this modification constitutes discrimination under 42 U.S.C. § 12182(b)(2)(A)(ii).

## COUNT II

Violation of the Americans with Disabilities Act

(Against Defendant Samsung Electronics Co., Ltd.)

29. Plaintiff realleges and incorporates by reference the allegations contained in Paragraphs 1 through 24.

30. **Place of Public Accommodation:** Defendant Samsung operates the "Galaxy Store" and the "One UI" service ecosystem installed on its devices. These proprietary software platforms function as "sales or rental establishments" and "service establishments" where Defendant offers apps, themes, and cloud services to the public.

31. **Failure to Make Reasonable Modifications:** Defendant Samsung enforces Google's restrictive API policies within its own One UI ecosystem. Although Defendant Samsung possesses the independent ability to modify its firmware (as it does for other features), it has failed to modify its policies to exempt assistive recording tools from these blocks.

32. **Denial of Equal Enjoyment:** By refusing to implement this reasonable modification—which would allow Plaintiff to access the voice recording features inherent in the hardware—Defendant Samsung denies Plaintiff the full and equal enjoyment of the goods and services, privileges, and advantages of its digital service establishment.

**COUNT III**

Violation of the Americans with Disabilities Act

(Against Defendant Motorola Mobility LLC)

33. Plaintiff realleges and incorporates by reference the allegations contained in Paragraphs 1 through 24.

34. **Place of Public Accommodation:** Defendant Motorola operates a digital service ecosystem on its devices, including proprietary support and feature apps, which constitutes a "service establishment" open to the public for the maintenance and utility of their devices.

35. **Failure to Make Reasonable Modifications:** Defendant Motorola has adopted a policy of strict adherence to Google's API restrictions. Plaintiff requires a modification of this policy in the form of a firmware exception or "allow list" for assistive recording apps.

36. **Discrimination:** Defendant Motorola's refusal to grant this reasonable modification prevents Plaintiff from utilizing the device's core communication features effectively, thereby subjecting Plaintiff to discrimination on the basis of disability in violation of 42 U.S.C. § 12182.

**COUNT IV**

Violation of the Americans with Disabilities Act

(Against Defendant OnePlus Technology (Shenzhen) Co., Ltd.)

37. Plaintiff realleges and incorporates by reference the allegations contained in Paragraphs 1 through 24.

38. **Place of Public Accommodation:** Defendant OnePlus operates the "OxygenOS" platform, a digital facility and service establishment through which it delivers features,

updates, and community services to the public.

39. **Failure to Make Reasonable Modifications:** Defendant OnePlus enforces policies within OxygenOS that mirror Google's restrictions on call recording. It is a reasonable modification for Defendant to alter its custom OS code to permit "Accessibility Service" privileges for recording apps used by disabled individuals.

40. **Discrimination:** Defendant OnePlus has failed to make this modification, despite it being readily achievable and necessary to afford Plaintiff equal opportunity to benefit from the device's telecommunications services. This failure constitutes discrimination under Title III of the ADA.

**COUNT V**

Violation of the Americans with Disabilities Act

(Against Defendant The Open Handset Alliance)

41. Plaintiff realleges and incorporates by reference the allegations contained in Paragraphs 1 through 24.

42. **Place of Public Accommodation:** Defendant Open Handset Alliance (OHA) establishes and maintains the "Android Compatibility Definition Document" (CDD) and governing standards for the Android ecosystem. By defining the technical parameters of this global digital platform, Defendant OHA operates and controls the "service establishment" through which all Android services are standardized and delivered to the public.

43. **Discriminatory Standards:** Defendant OHA creates and enforces standards that fail to mandate accessibility for call recording, while simultaneously endorsing standards that restrict API access. These standards act as eligibility criteria that screen out individuals with disabilities from fully utilizing Android devices.

44. **Failure to Make Reasonable Modifications:** It is a reasonable modification for

Defendant OHA to update the CDD to mandate that "call audio recording for accessibility purposes" be a required feature for Android compatibility. Defendant OHA's failure to incorporate this modification into its standards constitutes discrimination under the ADA.

**COUNT VI**

Violation of the Telecommunications Act (47 U.S.C. § 255)

(Against Defendant Google LLC)

46. Plaintiff realleges and incorporates by reference the allegations contained in Paragraphs 1 through 24.

47. **Covered Status:** Defendant Google LLC is a manufacturer of "Customer Premises Equipment" (CPE) (Pixel devices) and a provider of software (Android) integral to the operation of CPE manufactured by others. The Android operating system controls the routing, termination, and audio processing of telecommunications on the device.

48. **Failure to Ensure Accessibility:** Defendant Google LLC failed to ensure that its software and equipment are accessible to and usable by individuals with cognitive and memory disabilities. Specifically, Defendant engineered the operating system to prevent the recording of voice call audio, a function necessary for Plaintiff to retain and process telecommunications information.

49. **Readily Achievable:** Ensuring accessibility was "readily achievable" for Defendant Google without difficulty or expense, as evidenced by the following facts: (a) Defendant maintained the code for call recording within the operating system but disabled it via software flags; (b) Defendant enabled this exact feature for its own proprietary benefit on Pixel devices in November 2025; and (c) Defendant previously supported this feature in prior Android versions.

50. **Failure of Compatibility:** Under 47 U.S.C. § 255(d), where direct accessibility is not

provided, Defendant must ensure compatibility with specialized customer premises equipment (assistive technology). Defendant Google actively violated this mandate by contractually and technically blocking the "Accessibility API," thereby destroying compatibility with third-party assistive recording applications that Plaintiff previously used.

**COUNT VII**

Violation of the Telecommunications Act (47 U.S.C. § 255)

(Against Defendant Samsung Electronics Co., Ltd.)

50. Plaintiff realleges and incorporates by reference the allegations contained in Paragraphs 1 through 24.

51. **Covered Status:** Defendant Samsung is a "manufacturer of telecommunications equipment" and "customer premises equipment" (CPE) under the Act. Defendant manufactures the hardware and firmware used by Plaintiff to originate and terminate calls.

52. **Failure to Ensure Accessibility:** Defendant Samsung failed to ensure its equipment is usable by Plaintiff. By enforcing Google's API restrictions and failing to provide a native alternative within its "One UI" interface, Defendant rendered the device's voice functions inaccessible to a user relying on memory retention aids.

53. **Readily Achievable:** Providing call recording was "readily achievable" for Defendant Samsung. Defendant possesses the engineering resources to modify the Android Open Source Project (AOSP) code for its devices, as it does for other features. The feature requires no new hardware, only a software permission change, which involves negligible cost relative to Defendant's resources.

**COUNT VIII**

Violation of the Telecommunications Act (47 U.S.C. § 255)

(Against Defendant Motorola Mobility LLC)

54. Plaintiff realleges and incorporates by reference the allegations contained in Paragraphs 1 through 24.

55. **Covered Status:** Defendant Motorola is a "manufacturer of telecommunications equipment" and CPE. Defendant designs and creates the mobile handsets sold to Plaintiff.

56. **Failure to Ensure Accessibility:** Defendant Motorola failed to design its equipment to be accessible to individuals with memory disabilities. The device lacks the functional capability to capture audio streams for later review, a necessary accommodation for Plaintiff's disability.

57. **Readily Achievable:** It was "readily achievable" for Defendant Motorola to enable this feature. The underlying chipset and hardware support audio capture. The restriction is purely a software policy inherited from Google, which Defendant Motorola could have overridden in its firmware build to ensure compliance with federal accessibility law, yet chose not to.

**COUNT IX**

Violation of the Telecommunications Act (47 U.S.C. § 255)

(Against Defendant The Open Handset Alliance)

58. Plaintiff realleges and incorporates by reference the allegations contained in Paragraphs 1 through 24.

59. **Covered Status:** Defendant Open Handset Alliance (OHA) is an association of

telecommunications manufacturers and software providers that establishes the technical mandates (CDD) integral to the design and operation of Customer Premises Equipment (CPE).

60. **Failure to Ensure Accessibility:** Defendant OHA failed to ensure that the standards governing Android devices require accessibility for disabled users. By validating and standardizing devices that lack call recording functionality, Defendant OHA has institutionalized inaccessibility across the industry.

61. **Readily Achievable:** It is "readily achievable" for Defendant OHA to amend its Compatibility Definition Document to define call recording access as a required accessibility feature. This change would require no physical manufacturing adjustment, only a modification of the standards text and compliance testing protocols.

## COUNT X

Violation of the Telecommunications Act (47 U.S.C. § 255)

(Against Defendant OnePlus Technology (Shenzhen) Co., Ltd.)

62. Plaintiff realleges and incorporates by reference the allegations contained in Paragraphs 1 through 24.

63. **Covered Status:** Defendant OnePlus is a "manufacturer of telecommunications equipment" and CPE. Defendant creates the hardware and the "OxygenOS" software layer used by Plaintiff.

64. **Failure to Ensure Accessibility:** Defendant OnePlus distributed telecommunications equipment that is inaccessible to Plaintiff. By removing or disabling the ability to record calls, Defendant deprived Plaintiff of the utility of the device for telecommunications.

65. **Readily Achievable:** Restoration of this feature was "readily achievable." Defendant OnePlus actively modifies the Android base code to create "OxygenOS." Defendant could

have included an accessibility setting to allow call audio recording for disabled users with minimal engineering effort, but failed to do so.

## VI. PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter a judgment in his favor and against Defendants, and grant the following relief:

A. A permanent injunction requiring Defendants to modify their operating systems and devices to make the recording of voice call audio streams readily achievable for assistive purposes;

B. An award of actual, compensatory, and statutory damages in an amount to be determined at trial;

C. An award of reasonable attorneys' fees and litigation costs; and

D. Such other and further relief as the Court deems just and proper.

**DATED:** January 13, 2026

Respectfully submitted,

*/s/ Jason Adam Jensen*

Jason Adam Jensen

Pro Se Plaintiff

## CERTIFICATE REGARDING USE OF ARTIFICIAL INTELLIGENCE

I, Jason Adam Jensen, certify that Artificial Intelligence was used in the preparation of this document. I have reviewed and verified the accuracy and appropriateness of the AI-generated content and take full responsibility for it as if it were my own work, in accordance with FRCP 11 and all applicable Local Rules. This system is designed to take evidence uploaded, statements made, and claims alleged to draft a legal document on point based on the regulatory documents for universal access to the law.

This document was drafted or prepared with the assistance of Google Gemini [District of Arizona Playground] system operating under a framework with a functional description located at https://github.com/TemperedEnterprises/DistrictOfArizonaAIRegulatory. The use of this system to draft this document is grounded in my own instructions and intent.

/s/ Jason Adam Jensen

**Jason Adam Jensen**

**DISCLAIMER:** User is solely responsible for filing this document. If a licensed attorney files this document without independent review, it constitutes a violation of the Open Artificial Intelligence Regulatory Documents Licensing Agreement and the attorney forfeits further access to this playground.