**WO**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| Jason Adam Jensen,<br>Plaintiff,<br>v.<br>Google LLC, et al.,<br>Defendants. | No. CV-25-00424-TUC-JGZ<br>**ORDER** |

On July 29, 2025, *pro se* Plaintiff Jason Adam Jensen filed a Complaint. (Doc. 1.) In its December 15, 2025 Order, the Court dismissed the Complaint for failure to state a claim. (Doc. 8.) The Court found that, except for one allegation concerning Google's Pixel-branded devices, Plaintiff had made vague and conclusory allegations against Defendants as a group without identifying with sufficient specificity what each Defendant did or failed to do.

In the Order, the Court gave Plaintiff an opportunity to file a First Amended Complaint and provided him with information to assist him in doing so. The Court advised Plaintiff that a Title III claim under the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12182, requires a defendant to own, lease, or operate a place of public accommodation and explained that, under Ninth Circuit law, such public accommodations are actual, physical places. The Court also informed Plaintiff that 47 U.S.C. § 255 does not confer a private right of action and that the Federal Communications Commission has exclusive jurisdiction over complaints brought under that provision.

On January 13, 2026, Plaintiff filed a First Amended Complaint ("FAC"). (Doc. 9.) The Court will dismiss the FAC without leave to amend because it again fails to state a claim and further amendment would be futile.

**I. Statutory Screening of In Forma Pauperis Complaints**

Pursuant to 28 U.S.C. § 1915(e)(2), in a case in which a plaintiff has been granted in forma pauperis status, the Court shall dismiss the case "if the court determines that . . . (B) the action . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."

A pleading must contain a "short and plain statement of the claim *showing* that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2) (emphasis added). While Rule 8 does not demand detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

Courts must "construe *pro se* filings liberally." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010). A "complaint [filed by a *pro se* litigant] 'must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Id.* (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam)). But the Court is not required "to accept as true a legal conclusion couched as a factual allegation." *Iqbal*, 556 U.S. at 678.

**II. First Amended Complaint**

In the FAC, Plaintiff sues Google LLC ("Google"), Motorola Mobility LLC ("Motorola"), The Open Handset Alliance ("OHA"), Samsung Electronics Co., Ltd. ("Samsung"), and OnePlus Technology (Shenzhen) Co., Ltd. ("OnePlus"). Plaintiff alleges that he has functional impairments that cause extreme stress and post-meltdown memory fog and that, to manage those symptoms, he relies on the ability to record voice

conversations on his mobile device as an assistive tool. (Doc. 9 at 3.)

Plaintiff alleges that Google controls technical standards and permissible functionality within the Android ecosystem and, in May 2022, changed its Play Store Developer Program Policies to prohibit use of the Accessibility API[1] for remote call audio recording. Plaintiff further alleges that Samsung, Motorola, and OnePlus enforce or adhere to Google's restrictions on their devices, while OHA establishes Android compatibility standards. (*Id.* at 4.) Plaintiff alleges, "[b]y defining the technical parameters of this global digital platform, Defendant OHA operates and controls the 'service establishment' through which all Android services are standardized and delivered to the public." (*Id.* at 10.)

The FAC asserts ten counts. Counts I through V allege violations of Title III of the ADA against Google, Samsung, Motorola, OnePlus, and OHA, respectively. Counts VI through X allege violations of 47 U.S.C. § 255 against the same Defendants.

Plaintiff seeks a permanent injunction requiring Defendants to modify their operating systems and devices to make recording of voice call audio streams available for assistive purposes, as well as actual, compensatory, and statutory damages, attorneys' fees and litigation costs, and other appropriate relief.

## III. Failure to State a Claim

Although the FAC now identifies the conduct allegedly attributable to each Defendant, it does not cure the substantive deficiencies identified in the Court's prior Order.

### A. Americans with Disabilities Act Claims

Title III of the ADA provides that "[n]o individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation" by a person who owns, leases, or operates such a place. 42 U.S.C. § 12182(a).

To state a claim under Title III, a plaintiff must allege that "(1) [h]e is disabled

[1] According to the FAC, an Application Programming Interface (API) "is a set of protocols that allows different software components to communicate. The 'Accessibility API' is specifically designed to allow services to assist users with disabilities by interacting with and modifying the user interface and system events." (Doc. 9 ¶ 13.)

within the meaning of the ADA; (2) the defendant is a private entity that owns, leases, or operates a place of public accommodation; and (3) the plaintiff was denied public accommodations by the defendant because of [his] disability." *Molski v. M.J. Cable, Inc.*, 481 F.3d 724, 730 (9th Cir. 2007). Places of public accommodation are "actual, physical places where goods or services are open to the public, and places where the public gets those goods or services." *Weyer v. Twentieth Century Fox Film Corp.*, 198 F.3d 1104, 1114 (9th Cir. 2000). There must be "some connection between the good or service complained of and an actual physical place." *Id.*

Title III may also reach a website or application when there is a sufficient nexus between the challenged service and the goods or services of an actual, physical place of public accommodation. *See Robles v. Domino's Pizza, LLC*, 913 F.3d 898, 904–05 (9th Cir. 2019) ("The statute applies to the services of a place *of* public accommodation, not services *in* a place of public accommodation." (quoting *Nat'l Fed'n of the Blind v. Target Corp.*, 452 F.Supp.2d 946, 953 (N.D. Cal. 2006) (emphasis in original))). In *Robles*, the Ninth Circuit held Title III applied to Domino's website and mobile application because their alleged inaccessibility impeded access to the goods and services of Domino's physical restaurants. *Id.* at 905. The court emphasized that customers used the website and application to locate nearby restaurants and order pizzas for delivery or in–store pickup. *Id.*

The allegations in the FAC do not satisfy the nexus requirement. In Counts I through V, Plaintiff identifies the Google Play Store and Android ecosystem, Samsung's Galaxy Store and One UI, Motorola's digital service ecosystem, OnePlus's OxygenOS, and OHA's Android Compatibility Definition Document and related standards as the relevant "service establishments" or places of public accommodation. (Doc. 9 at 7–10.) He alleges that each Defendant should modify its respective policies, software, firmware, or standards to permit assistive call recording. But Plaintiff does not allege that any of these challenged digital services facilitates access to, or that the alleged call recording restrictions impede his access to, the goods or services of an actual, physical place of public accommodation. Unlike the

website and application in *Robles*, which connected customers to the goods and services of Domino's physical restaurants, the digital services identified here are alleged to provide software functionality independent of any physical location. Accordingly, Plaintiff has not alleged the nexus to an actual, physical place required by *Weyer* and *Robles*.

Plaintiff's ADA claims fail for an additional reason. Title III prohibits discrimination in the enjoyment of the goods and services that a place of public accommodation provides, but it does not require the provision of different goods or services. *Weyer*, 198 F.3d at 1115. As the Ninth Circuit explained, a bookstore may not discriminate against individuals with disabilities in granting access to its goods, but it need not provide books in Braille in addition to print. *Id.* Likewise, an insurance office must be physically accessible but need not offer insurance policies containing different substantive terms for disabled individuals. *Id.* Here, Plaintiff does not allege that he was denied access to Defendants' mobile devices, operating systems, applications, or other products because of his disability. Rather, he alleges that those products should provide or permit an additional feature—call recording—for use as an assistive tool. His claims therefore seek to alter the substantive features of the goods or services Defendants provide, rather than obtain nondiscriminatory enjoyment of the goods or services already offered. *See id.*

Accordingly, Counts I through V fail to state a claim upon which relief may be granted.

**B. Telecommunications Act Claims**

Counts VI through X allege violations of 47 U.S.C. § 255. Plaintiff alleges that Defendants failed to ensure that their telecommunications equipment or software was accessible to individuals with cognitive or memory disabilities, that providing call recording was readily achievable, and that Defendants failed to ensure compatibility with assistive technology. (Doc. 9 at 11–16.)

The Court previously advised Plaintiff that § 255 does not authorize a private right of action and that the Federal Communications Commission has exclusive jurisdiction over complaints brought under that provision. 47 U.S.C. § 255(f). (Doc. 8 at 7.)

Plaintiff nevertheless reasserts § 255 claims against each Defendant. Additional factual allegations regarding Defendants' equipment, software, technical capabilities, or accessibility practices cannot create a private cause of action where the statute does not provide one.

Accordingly, Counts VI through X fail to state a claim upon which relief may be granted.

**IV. Leave to Amend**

Here, further amendment would be futile. Plaintiff has already been afforded an opportunity to amend after the Court specifically identified the deficiencies in his original Complaint. The FAC confirms that the remaining deficiencies in Plaintiff's ADA claims are legal rather than factual. Plaintiff alleges discrimination in the functionality of Defendants' digital products and services and does not allege a nexus between that challenged functionality and the goods or services of an actual, physical place of public accommodation. Moreover, even if Plaintiff could amend to identify an actual, physical place of public accommodation associated with one or more Defendants, his claims would still seek to alter the features of the products offered—specifically, the absence or restriction of call recording capability—rather than obtain nondiscriminatory enjoyment of the goods or services already provided. Under *Weyer*, Title III requires nondiscriminatory enjoyment of the goods and services a public accommodation provides, but does not require the provision of different goods or services. 198 F.3d at 1115. Further amendment therefore would not cure the deficiencies in Plaintiff's ADA claims.

Amendment of the Telecommunications Act claims would likewise be futile because no additional factual allegations could create a private right of action under § 255.

Because Plaintiff has already received notice of the deficiencies and an opportunity to cure them, and because further factual amendment would not cure the remaining defects, the Court will dismiss the FAC without leave to amend.

Accordingly,

**IT IS ORDERED:**

(1) The First Amended Complaint (Doc. 9) is **dismissed** for failure to state a claim without leave to amend.

(2) The Clerk of Court must enter judgment accordingly and close this case.

Dated this 31st day of August, 2026.

Jennifer G. Zipps
Chief United States District Judge